UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES ex rel. <br> WILLIE BISHOP, | ) <br> ) <br> ) | |
| Petitioner, | ) <br> ) | |
| vs. | ) <br> ) | 07 C 955 |
| TERRY McCANN, Warden, <br> Stateville Correctional Center, | ) <br> ) <br> ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before this Court on motion of Respondent Terry McCann, Warden of Stateville Correctional Center, to dismiss Petitioner Willie Bishop's petition for writ of habeas corpus. For the following reasons, Bishop's petition is dismissed without prejudice.

## **BACKGROUND**

Following a 2001 jury trial in the Circuit Court of Cook County, Bishop was convicted, along with his codefendant, of first-degree murder and was sentenced to forty years in prison. His conviction was affirmed by the Illinois Appellate Court, and the Illinois Supreme Court denied his petition for leave to appeal ("PLA") on

September 29, 2006. Bishop petitioned for a writ of certiorari from the United States Supreme Court on December 9, 2006, which was denied on February 21, 2006. He filed a *pro se* petition for post-conviction review in the Circuit Court of Cook County on March 20, 2006. This petition is still pending in the circuit court; counsel has been appointed for Bishop but apparently has not yet filed an amended petition for postconviction review. On February 20, 2007, Bishop, through counsel, filed the instant petition in this Court. Shortly thereafter, McCann moved to dismiss, arguing that Bishop has failed to exhaust his claims in the state courts and requesting that we dismiss Bishop's petition without prejudice.

## LEGAL STANDARD

District courts are empowered by 28 U.S.C. § 2254 to entertain writs of habeas corpus on behalf of state prisoners on the ground that they are imprisoned in violation of the Constitution, laws, or treaties of the United States. A federal court may only entertain such a writ once a prisoner has exhausted his challenges to his conviction in the state courts. § 2254(b)(1)(A). Exhaustion has not occurred so long as an applicant has "the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c).

The requirement of exhaustion, designed to further comity between the state and federal courts, ensures that the state courts have a full and fair opportunity to examine and decide the constitutional issues before federal courts intervene. *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 844-45 (1999). A full opportunity to review the constitutional issues means that the prisoner must raise the issues both in his appeal in the appellate court and then in his petition for leave to appeal to the Illinois Supreme Court. *Id.* at 845-46. A fair opportunity to review the constitutional issues means that the issues must have been fairly presented to each state court in substantive and meaningful fashion such that the court is "alerted" to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

In considering whether or not a prisoner has set forth the operative facts and legal theories sufficient to alert the state courts as to the nature of his constitutional claims, the Seventh Circuit examines: "1) whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; 3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Harrison v. McBride*, 428 F.3d 652, 661 (7th Cir. 2005) (internal citations omitted).

With these legal principles in mind, we consider the instant motion.

## DISCUSSION

McCann urges us to dismiss Bishop's petition without prejudice because Bishop has failed to fully present his constitutional claims to the state courts. In his petition

before this Court, Bishop claims that he was denied due process and his right to a fair trial for the following reasons: the failure to sever his trial from that of his codefendant or in the alternative, the constitutionally ineffective assistance of his counsel in not articulating all available reasons why severance should have been granted; the allegedly prejudicial and irrelevant admission of Bishop's tattoo; the admission of "other crimes" evidence concerning previous offenses committed by his codefendant; the admission of allegedly prejudicial and irrelevant gang evidence; the allegedly improper restriction on the cross examination of the State's identification witness; and the use of jury instructions that allegedly mistated the law concerning the evaluation of eyewitness identification. Bishop has appealed his conviction through one complete round of state court review, so we need only examine whether or not he has fairly presented his constitutional claims to the state courts in order to determine whether or not he may proceed under § 2254 at this time.

## I. Claims of Ineffective Assistance of Counsel, Admission of Gang Evidence, and Use of Improper Jury Instruction

We need not examine the intricacies of Bishop's arguments to the Illinois courts to conclude that he has failed to fairly present three of his claims: his claims of ineffective assistance of counsel, his claims concerning the admission of gang evidence, and his claims with respect to the use of the jury instruction concerning

eyewitness evidence. These claims were either not presented at all to the Supreme Court of Illinois or were presented without any argument.

First, Bishop never raised his claim of ineffective assistance of counsel to the Illinois Supreme Court. Second, although Bishop does claim that his due process rights were violated by allegedly improper admission of gang evidence in his PLA, he never articulates the operative facts or legal theories underlying that claim; instead, his claim of denial of due process with respect to the introduction of gang evidence is made in a heading absent any argument. Third, Bishop does not even make the nature of his federal claim clear with respect to the jury instruction; instead, he merely states in a heading, absent argument, that the appellate court failed to adequately review the use of the jury instruction under the plain error standard. In his response to McCann's motion to dismiss, Bishop argues that he fairly presented all of his claims to the Illinois Supreme Court by the inclusion of a sentence at the beginning of the PLA, in which he stated that the result reached by the appellate court "creates multiple conflicts...with federal decisions" and a paragraph at the conclusion, in which he stated, "this Court should be aware that Petition is asserting that...he has been denied his federal constitutional rights under the fifth, sixth, and fourteenth amendments [sic] by all errors raised or mentioned both in the instant petition and in the appellate court." Further, he asks us to consider that presentations in a PLA must necessarily be "succinct."

Bishop's arguments with respect to these three claims go beyond "succinct." While the Illinois Supreme Court Rule governing PLAs does indeed require "short argument", it also demands that argument be made, that it include the appropriate authorities, and that it state why review is warranted. Ill. S. Ct. R. 315(c). Bishop's arguments neither comply with the Illinois Supreme Court's own rules nor meet the minimum standards of "fair presentment" required by the Supreme Court. *Boerkel* requires that the alleged constitutional issues be fairly presented, not just to the appellate court but also to the Illinois Supreme Court. *Boerkel*, 526 U.S. at 845-46. *Baldwin* mandates that a prisoner present his claims on the face of his petition, and not require the reviewing court to search the opinions and briefing below in order to be alerted to the constitutional claim. *Baldwin*, 541 U.S. at 32. A claim is not fairly presented, under *Baldwin*, if the petitioner attempts to present it by incorporation or otherwise requires an inquiry "beyond the four corners of the document in order to understand the contention's nature and basis." *Lockheart v. Hulick,* 443 F.3d 927, 929 (7th Cir. 2006).

Bishop never explicitly mentioned any claims of ineffective assistance of counsel in the PLA, and he did not identify any fact or legal theory underpinning his federal claims with respect to the introduction of gang evidence and the improper jury instruction. To fairly consider his petition, the Supreme Court of Illinois would need to comb the record below and construct Bishop's arguments for him. This sort of

opaque and undeveloped presentation is precisely the type generally disfavored in any legal proceeding, and specifically held insufficient to qualify as "fair presentment" of federal claims under § 2254.

## II. Claims of Improper Introduction of "Other Crimes" Evidence and the Admission of Bishop's Tattoo

Bishop's claims that the introduction of "other crimes" evidence and the admission of his tattoo violated due process were first explicitly made in his PLA; at the appellate level, he claimed that their admission denied him a fair trial. However, it is not Bishop's choice of words, but instead his failure to make a constitutional argument that renders his claims unexhausted. Bishop does explain the facts underlying his claim that admission of the tattoo and "other crimes" evidence was in error. However, he does not cite any federal cases for the proposition that the admission of such evidence rose to the level of a due process violation. Instead, he relies entirely on state cases discussing the admissibility of evidence, and in discussing the admission of the tattoo, cites two federal cases for their facts, rather than for their legal principles.

In applying its four part test to determine whether or not a petitioner has adequately set forth the operative facts and legal theories underlying his claim, the Seventh Circuit has examined more than whether or not a petitioner makes a bare claim of constitutional deprivation or provides a citation to cases. Instead, the Seventh

Circuit looks to whether or not the petitioner supports his allegations with some substance. While a petitioner need not cite constitutional precedents by "book and verse," *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001), he may not simply label an alleged error a "due process" violation without providing some specifics. *Chambers v. McCaughtry*, 264 F.3d 732, 738 (7th Cir. 2001). Especially when raising errors concerning the admission of evidence, he must apprise the state court that he is complaining of more than a simple violation of state law, *Duncan v. Henry*, 513 U.S. 364, 366 (1995), whether by providing due process analysis and citing relevant federal cases, *Sanders v. Cotton*, 398 F.3d 572, 580-81 (7th Cir. 2005) or by providing a substantive analysis "clearly implicating" due process concerns, even if federal cases are not cited. *Rittenhouse v. Battles*, 263 F.3d 689, 696 (7th Cir. 2001).

With respect to these two evidentiary claims, Bishop provided the state court with no discussion of how these evidentiary errors rose to the level of a due process violation, nor do the state cases he cited rely on a federal constitutional analysis. *See Anderson v. Harless*, 459 U.S. 4, 7 (1982) (issue not "fairly presented" even when petitioner stated the facts and a similar state law claim). Accordingly, we find that Bishop has not fairly presented his claims of the improper introduction of the tattoo and of "other crimes" evidence. *Harding v. Sternes*, 380 F.3d 1034, 1047 (claim of denial of "fair trial" not enough to advise state court that more than a state law question of evidence was at issue).

## III. Claims of Failure to Sever Trial and Limitation on the Right of Cross-Examination

As with the preceding claims, Bishop, though he complained to the appellate court that he was denied a fair trial, never explicitly stated that the trial court's failure to sever his trial or the limitations placed upon his cross-examination of the state's identification witness were violations of due process until he filed his PLA. However, unlike the preceding claims, Bishop did explain the facts surrounding his claim and either provided citation to state cases relying upon federal constitutional precedent (with respect to the severance issue) or explicitly invoked the confrontation clause of the Constitution with citation to at least one federal case supporting his analysis (with respect to the issue of limitations placed upon cross-examination). Therefore, we find that Bishop has properly exhausted his remedies with respect to these two claims.

## IV. Dismissal of a "Mixed" Petition for Writ of Habeas Corpus

Prior to AEDPA, the Supreme Court held that district courts should require "total exhaustion" and dismiss petitions for writ if a petitioner had not exhausted all of his state claims. *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005) (*citing Rose v. Lundy*, 455 U.S. 509, 522 (1982)). When a petitioner has exhausted only some of his claims, a district court has discretion to stay the petition until the petitioner has exhausted his review in the state courts. *Rhines*, 544 U.S. at 277-78. Generally, staying a petition is appropriate after the enactment of AEDPA only when a petitioner has potentially

meritorious claims and runs the risk of having some of his claims time-barred if the petition is dismissed. *Id.* In this case, Bishop's petition for postconviction review is still pending in the Illinois state courts and provides a potential avenue for raising the unexhausted claims. *See Anderson,* 459 U.S. at 8 (dismissing petition without prejudice when petitioner retained state court avenue to raise unexhausted claim).

Bishop argues that attempts to raise constitutional claims in his postconviction petition will fail, because Illinois courts hold that claims raised on direct review are considered *res judicata* and claims that could have been raised on direct review, but were not, are waived. *People v. Williams*, 708 N.E.2d 1152, 1155-56 (Ill. 1996). Illinois courts will relax the rules of waiver and *res judicata* in the interest of fundamental fairness, *People v. Steidl*, 685 N.E.2d 1335, 1340 (Ill. 1997), and will address claims that should have been raised on direct appeal if the petitioner demonstrates ineffective assistance of counsel. *People v. Jones*, 845 N.E.2d 598, 610 (Ill. 2006) Although Bishop claims that a state court would not permit an ineffective assistance of counsel claim because he had already made the underlying due process claims on direct appeal, Bishop's argument in this respect is a tautology; it presumes that counsel's raising of those claims was sufficient and his assistance was therefore effective.

However, even if the Illinois courts choose to view certain issues as procedurally defaulted, we note that Bishop can also overcome this procedural default in federal

court by demonstrating cause and prejudice. *Sanders*, 398 F.3d at 580. Among the errors that would enable a federal court to set aside procedural default is the ineffective assistance of counsel in failing to raise issues properly on direct appeal. *Id.* Accordingly, we do not agree that dismissing Bishop's petition at this point will prevent him from raising his claims at a later date.

Finally, we strongly caution Bishop that AEDPA's one-year statute of limitations for filing petitions for writs of habeas corpus still applies to his case. 28 U.S.C. § 2244(d). Approximately one month elapsed between the United States Supreme Court's denial of Bishop's petition for writ of certiorari concerning his conviction and the time Bishop filed his petition for postconviction review in the circuit court; accordingly, once Bishop has exhausted his avenues of state court review of the issues raised in his postconviction petition, he has a little more than eleven months within which to refile his petition in the federal courts. We urge Bishop to take care to ensure that he complies with this statute of limitations.

## CONCLUSION

For the foregoing reasons, Bishop's petition for writ of habeas corpus is denied without prejudice.

  *Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated:   September 27, 2007